UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEET FIRST PODIATRY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17 CV 1420 CDP |
| | ) |
| LIGHT AGE INC., et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER OF DISMISSAL AND REMAND**

Plaintiff filed this case in state court over equipment damaged during shipment. Plaintiff asserted state law claims against the shipping companies and the manufacturer of the equipment.[1] When plaintiff amended its petition to allege a claim against defendant United Parcel Service, Inc. (UPS) under the Carmack Amendment, UPS timely removed this case to this Court asserting federal question subject matter jurisdiction under 28 U.S.C. § 1331.[2] UPS then moved to dismiss the federal claim and the state law fraudulent misrepresentation claim against it. Plaintiff has failed to respond to the motion to dismiss, and its time for doing so has

---

[1] Defendant Light Age, Inc. is the alleged the manufacturer and defendant MML, LLC and United Parcel Service, Inc. are the alleged shipping companies.

[2] District courts have original jurisdiction over Carmack Amendment claims where the bill of lading exceeds $10,000. 28 U.S.C. § 1337(a). The Court has jurisdiction over plaintiff's

expired. I will grant the unopposed motion to dismiss, and plaintiff's claims against UPS are dismissed. Plaintiff's state law claims against defendants Light Age and MML, LLC remain pending.[3]

Having dismissed the claim forming the basis of federal jurisdiction, the Court has discretion to remand the remaining state law claims to state court. 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction."); *Lindsey v. Dillard's, Inc.,* 306 F.3d 596, 599 (8th Cir. 2002) (district court "maintains discretion to either remand the state law claims or keep them in federal court" in such a situation); *Brown v. Mortg. Elec. Registration Sys., Inc.,* 738 F.3d 926, 933 (8th Cir. 2013) (this discretion is "very broad"). This case was pending in state court for three years and proceeded through considerable motion practice before it became removable, and it has only been pending in this Court for less than one month. Under these circumstances, the Court concludes that the interests of judicial economy, convenience, fairness, and comity weigh in favor of remanding the remaining state law claims to state court. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988) (when making this determination, a

---

Carmack Amendment claim because plaintiff alleges the equipment was insured for $30,000.
[3] Whether defendant MML, LLC is in default is an issue that was unresolved in state court.

district court should consider "the values of judicial economy, convenience, fairness, and comity" and remand if "the balance of these factors indicates that a case properly belongs in state court.").

Accordingly,

**IT IS HEREBY ORDERED** that the amended motion to dismiss [36] is granted, and plaintiff's claims against defendant United Parcel Service, Inc. are dismissed.

**IT IS FURTHER ORDERED** that the motion to dismiss [13] is denied as moot.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Charles County, Missouri.

                                                                          _____
                                                                          CATHERINE D. PERRY
                                                                          UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2017.