UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FEET FIRST PODIATRY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 1420 CDP |
| | ) | |
| LIGHT AGE INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On May 30, 2017, I granted UPS's unopposed motion to dismiss and

remanded the remaining state law claims.[1] The same day, plaintiff moved to

reconsider this ruling and remand on the ground that defendant had not obtained the

consent of defendant MML, LLC to remove this case from state court. In its

motion for reconsideration, plaintiff claims it "did not respond to the Motion to

Dismiss as it felt that the case would be remanded . . ." and that it "believed the

Motion for Remand had to be ruled upon first." No motion for remand had been

filed when I granted the motion to dismiss. Plaintiff also argues that, if I were to

deny remand, it would simply dismiss its Carmack Amendment claim against UPS,

thereby dismissing the claim forming the basis of federal jurisdiction. Presumably,

---

[1] Plaintiff maintains that defendant Light Age has a state law cross-claim against UPS. That
claim was not specifically discussed by the Court because it provided no basis for federal
jurisdiction. The Memorandum and Order makes clear that the case – including all remaining

plaintiff would then ask me to exercise my discretion and remand the remaining

state law claims, just as I did on May 30, 2017, the only difference being that

plaintiff's state law claim for fraudulent misrepresentation against UPS would

remain pending.

Plaintiff fails to provide a sufficient basis upon which to grant the requested

relief.   When I granted defendant's motion to dismiss, it was unopposed and no

motion for remand was pending.  Plaintiff's response to the motion to dismiss was

overdue under this Court's local rules.  It was no surprise to plaintiff that this

motion was pending, as defendant sought leave to file it.  The motion for leave was

also granted as unopposed because plaintiff filed no objection.  Plaintiff could have

moved for an extension of time to oppose dismissal and indicated that it was

requesting the extension in anticipation of filing a motion for remand.  Such

requests are routinely made and granted by this Court to plaintiffs in such a

situation.  Yet plaintiff did nothing and chose to ignore the pending motion to

dismiss because of its misplaced assumption that I would anticipate the filing of a

motion for remand and delay ruling on defendant's unopposed motion until the 30-

day deadline for filing a motion for remand had passed.  I was not obligated to do

so, and plaintiff's argument provides no appropriate basis for reconsideration on

---

state law claims – was remanded to state court.

this, or any other, basis.

This case has been remanded to state court. Nothing in my prior Order prevents plaintiff from seeking relief in state court and staying there if it so desires (plaintiff indicated that it would dismiss its Carmack Amendment claim to avoid federal court). This is especially true if, as plaintiff claims, defendant UPS remains in the state case as a cross-claim defendant. I take no position on the merits of any such motion that may be filed, or on the underlying issue in plaintiff's motion for remand – namely, whether defendant MML, LLC was properly served under Missouri law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to reconsider [39] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2017.